UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LYNNE MURPHY,<br><br>           Plaintiff,<br><br>      v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>           Defendants. | Case No.  14-cv-02030-JST<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF No. 1, 2, 4 |

This action arises out of Defendants' initiation of foreclosure proceedings on a residential property occupied by Plaintiff Theresa L. Murphy.  This action constitutes Murphy's fourth attempt to assert claims in this court in connection with the foreclosure of that property.  Each of these attempts has been premised on the same allegations.  Because the court lacks subject matter jurisdiction over this action, the action is DISMISSED WITHOUT PREJUDICE.[1]  Murphy may file her claims in state court.

I.    BACKGROUND

   A.    Murphy's Claims

Murphy brings this action against Defendants the Bank of New York Mellon, as Trustee for Certificate Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates Series 2006-2, and Bank of America as Trustee for Certificate Holders of Structured Asset Mortgage Investment II, Inc., Bear Stearns ALT-A Trust, Mortgage-Backed Certificates, Series 2006-4, for (1) declaratory judgment under 28 U.S.C.

---

[1] Because the court lacks subject matter jurisdiction over this action, Murphy's motion to proceed in forma pauperis, and Defendants' motion to dismiss, are DENIED as moot.  See ECF Nos. 2, 4.

1  §§ 2201-02; (2) violations of 18 U.S.C. §§ 1001 and 1021; (3) "counterfeit security" under 18
2  U.S.C. § 513; (4) "license or registration required" under 12 U.S.C. § 5103; (5) res judicata and
3  collateral estoppel; (6) "removal of cloud on title and cancellation of instruments" under
4  California Civil Code § 3412; and (7) violations of the Fifth and Fourteenth Amendments.
5  Compl., ECF No. 1.

The gravamen of the complaint is that Defendants lack the authority to execute any foreclosure proceedings with respect to a residential property occupied by Murphy, which is located at 11 High Street, Unit No. 201, in San Francisco, California ("the property"). Id. ¶¶ 1, 4.

Murphy alleges that the "statutory basis for federal jurisdiction is one of Diversity," which the court interprets as an invocation of the court's diversity jurisdiction under 28 U.S.C. § 1332. Id. ¶ 2. Murphy avers that the Bank of New York is a citizen of New York, and that Bank of America is a citizen of Delaware and North Carolina. Id. ¶¶ 5-6.

**B.     Prior Litigation as to the Property**

**1.     State Court Actions[2]**

In October 2006, Murphy filed an action in state court against Clyde Nathan Smith for breach of contract and specific performance. Case No. 13-2820, ECF No. 25 & Request for Judicial Notice ("RJN"), Ex. 1, ECF No. 15.[3] In the complaint, Murphy alleged that she entered into an oral agreement with Smith in November 2005 to "cooperate on the purchase of two parcels of residential property," one of which is the property at issue in this case. Id. ¶ 7. Under the terms of the agreement, Smith would purchase both parcels through a mortgage loan and Murphy would pay the down payment and closing costs pertaining to the property. Id. ¶ 8. After the close of escrow on the two parcels, Smith would convey his interest in the property to Murphy via a quit-claim deed "without any further payment or consideration" to Smith. Id. ¶ 9. Murphy would then be responsible for paying the mortgage payments on the property. Id. ¶ 10.

---

[2] The facts in this section were derived from this court's order of July 12, 2013, in case number 13-cv-2820, as well as from the documents that the Defendants in that case submitted for judicial notice.
[3] The case number of this action is 06-457063.

The recorded instruments filed by Defendants show that (1) Smith acquired the property on December 16, 2005, via grant deed, which was recorded on December 29, 2005, as document number 2005-I102706-00, RJN, Ex. 2, ECF No. 15; (2) Smith executed a deed of trust ("the first deed of trust") with lender PRO30 Funding on December 19, 2005, to secure an $833,250 loan with the property, RJN, Ex. 3; ECF No. 15;[4] Smith executed a deed of trust ("the second deed of trust") with lender PRO30 Funding on December 19, 2005, to secure a $222,200 loan with the property, RJN, Ex. 4, ECF No. 15.[5]

As of October 18, 2006, Smith had not conveyed the property to Murphy. RJN, Ex. 1, ECF No. 15. Murphy dismissed the action against Smith without prejudice on September 18, 2007. RJN, Ex. 5, ECF No. 15.

Murphy filed a second action ("the second action") against Smith in state court on September 10, 2007, for an order declaring her the owner of the property on the basis that Smith conveyed the property to her when he gave her possession of the property on December 23, 2005. RJN, Ex. 6 at 5, ECF No. 15.[6]

On January 8, 2008, the state court entered default judgment in favor of Murphy and against Smith and declared that fee simple title to the property passed to Murphy on December 29, 2005. RJN, Ex. 7, ECF No. 15. The court directed the clerk to sign a grant deed conveying the property from Smith to Murphy. Id. The court-ordered grant deed was recorded on January 9, 2008, as document number 2008-I516250-00. RJN, Ex. 8, ECF No. 15.

The default judgment of January 8, 2008, was amended by another state court judge on February 11, 2008. RJN, Ex. 9, ECF No. 15. The amended judgment stated that Murphy's fee simple title in the property was "free from encumbrances done, made, or suffered by [Smith] or

---

[4] In the first deed of trust, Smith was the borrower, Pro30 Funding was the lender, Fidelity National Title Company was the trustee, and MERS was the beneficiary. RJN, Ex. 3. The instrument was recorded on December 29, 2005, as document number 2005-I102707-00. Id.
[5] In the second deed of trust, Smith was the borrower, Pro30 Funding was the lender, Fidelity National Title Company was the trustee, and MERS was the beneficiary. RJN, Ex. 3. The instrument was recorded on Decemer 29, 2005, as document number 2005-I102708.
[6] The case number of this action is 07-467019.

3

any person claiming under him." Id.  The revised grant deed was recorded on February 11, 2008, as document number 2008-I534311-00.  RJN, Ex. 10 at 2, ECF No. 15.

Approximately two years later, on July 30, 2010, the state court judge who entered the amended default judgment vacated it on the ground that several parties who were affected by the default judgment, including MERS, were not served with the complaint filed in the second action. RJN, Ex. 10, ECF No. 15.  The minutes of the hearing suggest that the state court judge who vacated the amended default judgment intended the vacatur to result in the reversion to the default judgment entered on January 8, 2008.  Tr. At 17, ECF No. 6.

Murphy filed a third action in state court to quiet title on the property on March 17, 2011. RJN, Ex. 11, ECF No. 15.  The complaint named as defendants the Bank of New York Mellon, MERS, Pro30 Funding, JPMorgan Chase Bank, Bank of America, and the San Francisco County Assessor.  Id.  Murphy's claims were premised on the validity of the default judgment entered on January 8, 2008, and on the theory that her interest in the property was "perfected as an unrecorded owner in possession of the property on December 23, 2005, prior to the recordation of the first deed of trust on December 29, 2005."  Id. ¶ 7.  In its answer to the complaint, which was filed on September 6, 2011, the Bank of New York Mellon disclaimed any interest in property. RJN, Ex. 12, ECF No. 15.  On January 25, 2012, the state court entered judgment quieting title with respect to the property in favor of Murphy and against Bank of America and the Bank of New York Mellon "as trustee for Certificate Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2."  RJN, Ex. 13, ECF No. 15.

On October 10, 2012, MERS granted its entire interest in the first deed of trust through a corporate assignment to the Bank of New York Mellon "f/k/a The Bank of New York, as successor in interest to JPMorgan Chase Bank, N.A., as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificate Series 2006-2."  RJN, Ex. 14, ECF No. 15.  This assignment, which resulted in the Bank of New York Mellon becoming the new beneficiary of the first deed of trust, was recorded on December 26, 2012, as document number 2012-J571666-00.  RJN, Ex. 14, ECF No. 15.

On January 28, 2013, the Bank of New York Mellon substituted the Wolf Firm as the new trustee of the first deed of trust. RJN, Ex. 15, ECF No. 15. This substitution was recorded on February 12, 2013, as document number 2013-J601828. Id. On February 12, 2013, the Wolf Firm recorded a notice of default and an election to sell the property under the first deed of trust as document number 2013-J601829-00 on the ground that the first deed of trust was $312,452.59 in arrears. RJN, Ex. 16, ECF No. 15.

### 2.     Federal Court Actions

#### a.     Case Number 13-cv-2424

On May 29, 2013, Murphy filed an action in this court for (1) wrongful foreclosure, (2) cancellation of void instruments, (3) removal of cloud on title, and to quiet title, Cal. Civ. Code §3412, (4) violations of California Business & Professions Code section 17200, (5) violations of California Penal Code section 115, (6) slander of title, (7) res judicata, and (8) injunctive relief. Case Number 13-cv-2424, Compl., ECF No. 1. Murphy named as defendants the Bank of New York Mellon, Merscorp Holdings, MERS, and the Wolf Firm. Id.

In that action, Murphy sought to prevent the Wolf Firm, which she alleged was "the purported trustee" under the deed of trust, from foreclosing on her property on the ground that the Wolf Firm "was not a properly-installed substitute trustee." Compl. ¶¶ 16, 23. Murphy alleged that the Wolf Firm recorded a notice of default with respect to her property that is "invalid," "fraudulent," and "deceptive" because the Wolf Firm lacked the authority to execute that instrument. Id. ¶¶ 23, 31.

Murphy moved for a temporary restraining order and a preliminary injunction to bar the Wolf Firm and the other defendants from proceeding with the foreclosure of her property. ECF No. 2, Case No. 13-cv-2424. On June 12, 2013, Defendants filed a response to Murphy's motion, in which they argued that the Court lacked subject matter jurisdiction over the action because diversity of citizenship does not exist and no other basis for federal jurisdiction exists.

On June 13, 2013, the Court dismissed the prior action for lack of subject matter jurisdiction, finding that although Murphy had invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship did not exist, as the Wolf Firm, a citizen of

5

1   California, was not diverse from Murphy, who also is a citizen of California.  ECF No. 25, Case
2   No. 13-cv-2424.

### b. Case Number 13-cv-2752

On June 14, 2013, Murphy filed a second action in this court asserting the same allegations and state-law claims as the prior action, except that the complaint in this case was devoid of allegations pertaining to the Wolf Firm.  Case Number 13-cv-2752, ECF No. 1.  Murphy named as defendants only the Bank of New York Mellon, Merscorp Holdings, and MERS.  Id.  On June 15, 2013, the court dismissed the action for lack of subject matter jurisdiction.  ECF No. 16.  The court reasoned that Murphy was required to join the Wolf Firm because it is an indispensable party within the meaning of Rule 19(b), and the joinder of the Wolf firm would destroy diversity jurisdiction under 28 U.S.C. § 1332, which was the only possible basis for this court to assert subject matter jurisdiction over this action.  Id. at 2-4.

### c. Case Number 13-cv-2820

On June 19, 2013, Murphy filed a third action in this court against Defendants the Bank of New York Mellon, Mortgage Electronic Registration Systems ("MERS"), Merscorp Holdings, and the Wolf Firm for (1) violations of 18 U.S.C. § 1001; (2) violations of 18 U.S.C. § 1341; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"); (4) violations of California's Business and Professions Code Section 17200; (5) slander of title; (6) cancellation of void instruments; (7) quiet title; and (8) wrongful foreclosure.  Case Number 13-cv-2820, Compl., ECF No. 1.Compl., ECF No. 1.  The gravamen of the complaint was that Defendants lacked the authority to execute any foreclosure proceedings with respect to the property.

Murphy moved for an ex parte temporary restraining order and preliminary injunction barring Defendants from recording a notice of trustee's sale.  ECF No. 2.  The Court denied Murphy's motion on June 20, 2013, on the ground that Murphy failed to show that she would suffer immediate and irreparable harm or that she gave proper notice to Defendants of her motion for ex parte relief.  ECF No. 9.  In the same order, the Court set a hearing date for Murphy's motion for a preliminary injunction and permitted the parties to file a response in support or in opposition to Murphy's motion.  Defendants and Murphy filed responsive briefs.

On July 7, 2013, the Court denied the motion for a preliminary injunction. ECF No. 25. In the same order, the Court noted that it appeared to lack subject matter jurisdiction over this case. Though Murphy invoked federal question jurisdiction under 28 U.S.C. § 1331 in the complaint, the three federal claims that Murphy asserted against Defendants, namely a claim for fraud in violation of 18 U.S.C. § 1001, a claim for forgery in violation of 18 U.S.C. § 1341, and a claim for violations of the FDCPA, failed as a matter of law. ECF No. 25 at 9. For that reason, the Court concluded that these federal claims were not sufficiently substantial to confer supplemental jurisdiction over Murphy's state law claims. Id. at 10.

After Murphy filed her response, the court dismissed the action for lack of subject matter jurisdiction. ECF No. 46. The court reasoned that diversity jurisdiction did not exist because Murphy was not diverse from the Wolfs Firm. The court also concluded that federal jurisdiction did not exist, either, because all of the federal claims in the operative complaint failed as a matter of law, and Murphy's proposed addition of new federal claims would be futile.[7] The court indicated that Murphy could file her state-law claims in state court.

### d.     Case Number 14-cv-2030

Murphy filed the instant action on May 2, 2014. ECF No. 1. Murphy filed a motion to proceed in forma pauperis, and Defendants filed a motion to dismiss soon thereafter. ECF Nos. 2, 4. As will be discussed below, the court finds that it continues to lack subject matter jurisdiction over Murphy's claims.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations and quotation marks omitted). A district court has the authority to

---

[7] In her response to the court's order to show cause, Murphy requested leave to file a first amended complaint containing new federal claims. ECF No. 35 at 13.

7

"raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc., 315 F.3d 822, 826 (9th Cir. 2002).

**III.   DISCUSSION**

    **A.     The Court Lacks Jurisdiction under 28 U.S.C. § 1332**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332.

Murphy alleges that diversity of citizenship under § 1332 exists because (1) she is a California citizen, (2) the Bank of New York is incorporated and has its principal place of business in New York, and (3) Bank of America is incorporated and has its principal place of business in Delaware, and is headquartered in North Carolina.  Compl. ¶ 2.  Notably, in the present complaint, like in the complaint she filed in case number 13-cv-2752, Murphy failed to assert claims against the Wolf Firm, a California citizen and the trustee under the deed of trust at issue, even though the court previously determined that this entity is an indispensable party under Rule 19(b).  Because the allegations in the present complaint are based on the same events and theories as the ones alleged in the complaint Murphy filed in case number 13-cv-2752, and because the court has already determined that the Wolf Firm must be joined as a defendant and that its joinder would destroy diversity, diversity jurisdiction under § 1332 does not exist.  See Case No. 13-cv-02752-JST, ECF No. 16 at 2-4 (containing legal reasoning for finding that the Wolf Firm is an indispensable party).

    **B.     The Court Lacks Jurisdiction under 28 U.S.C. § 1331**

Murphy asserts the following federal claims in the complaint: (1) declaratory judgment under 28 U.S.C. §§ 2201-02; (2) violations of 18 U.S.C. §§ 1001 and 1021; (3) "counterfeit security" under 18 U.S.C. § 513; (4) "license or registration required" under 12 U.S.C. § 5103; and (5) violations of the Fifth and Fourteenth Amendments.[8]  All of these claims fail as a matter of

---

[8] The other two claims she asserts arise exclusively out of state law; they are: (1) res judicata and collateral estoppel; and (2) "removal of cloud on title and cancellation of instruments" under

law.

#### 1.     Claims under 18 U.S.C. §§ 1001, 1021, and 513

The court already addressed Murphy's claim under 18 U.S.C. § 1001 in case number 13-cv-2828.  See Case No. 13-cv-02820-JST, ECF No. 25 at 9.  Section 1001 is a criminal statute pertaining to the falsification of documents and the making of false statements in matters within the jurisdiction of the federal government.  See 18 U.S.C. § 1001(a).  The statute contains no private right of action.  See Hammerlord v. City of San Diego, Case No. 11-cv-1564, 2012 WL 5388919, at *4 (S.D. Cal. Nov. 2, 2012) (dismissing claim brought in civil action under 18 U.S.C. § 1001 with prejudice "because the statute does not provide for a private cause of action").  Accordingly, this claim fails.

Murphy's claim for violations of 18 U.S.C. § 1021 fails for similar reasons.  Section 1021 is a criminal statute that prohibits a United States officer from making false certifications with respect to the recording of conveyances of real property.  18 U.S.C. § 1021.  The statute contains no private cause of action.  See Sheu v. Centex Home Equity, 2006 U.S. Dist. LEXIS 97849, at *6-7 (E.D.N.Y. Sept. 18, 2006) (dismissing claims under 18 U.S.C. §§ 1001 and 1021 because "violations of the Criminal Code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action," and these provisions do not provide or imply any such right) (internal citation omitted), aff'd, 295 Fed. Appx. 392, 393 (2d Cir. 2008).

Finally, Murphy's claim for violations of 18 U.S.C. § 513 also fails.  The statute bars the creation and use of forged securities of a State.  18 U.S.C. § 513.  The statute contains no private cause of action.  See Galindo v. Fed. Home Loan Mortg. Corp., Case No. 10-6231 CAS (JCx), 2010 WL 3724211, at *1 (Sept. 14, 2010) ("Plaintiff's allegation . . . references 18 U.S.C. § 513, which is a federal criminal statute, which creates no private cause of action.").

#### 2.     Due Process, Fifth and Fourteenth Amendments

Murphy's Fifth Amendment claim fails as a matter of law because "the Fifth Amendment Due Process Clause applies only to the federal government."  Am. Bankers Mortg. Corp. v. Fed.

---

California Civil Code § 3412.

1  Home Loan Mortg. Corp., 75 F.3d 1401, 1406.  The complaint is devoid of allegations to raise the

2  inference that Defendants were governmental agents or that their actions implicated the federal

3  government in any way.

4  Likewise, Murphy's Fourteenth Amendment claim fails as a matter of law because the

5  Fourteenth Amendment "shields citizens from unlawful governmental actions, but does not affect

6  conduct by private entities."  Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003).

7  Again, Murphy has not alleged any state action in any of her complaints.

### 3. License or Registration Required, 12 U.S.C. § 5103

9  Murphy's claim under 12 U.S.C. § 5103 also fails because the statute does not provide a

10 private cause of action.  Section 5103 is a part of the Secure and Fair Enforcement for Mortgage

11 Licensing Act of 2008, which is codified at 12 U.S.C. §§ 5101-5116.[9]  Its purpose is to "enhance

12 consumer protection" by requiring mortgage loan originators to register with the federal

13 government or with the states.  12 U.S.C. § 5101.  Section 5103 requires loan originators to

14 register as a loan originator before engaging in the business of originating loans.  12 U.S.C. §

15 5103.  Only the Director of the Bureau of Consumer Financial Protection is expressly permitted to

16 enforce this section and the Act as a whole.  See 12 U.S.C. § 5113 (section titled "Enforcement by

17 the Bureau").  In the absence of any statutory language or court opinion establishing, or even

18 suggesting, that Section 5103 can be enforced through private litigation, the court concludes that

19 no private cause of action exists for a section 5103 violation.  Osborn v. Am. Ass'n of Retired

20 Pers., 660 F.2d 740, 743 (9th Cir. 1982) ("The sole factor to be considered in deciding whether a

---

[9] "Congress passed the Secure and Fair Enforcement for Mortgage Licensing Act ('SAFE Act'), which encourages States to establish 'minimum standards' for residential mortgage loan originators with the goal 'to increase uniformity, reduce regulatory burden, enhance consumer protection, and reduce fraud.' 12 U.S.C. §§ 5101, 5104(b).  The SAFE Act defines loan originators as those who 'take[ ] a residential mortgage loan application' and 'offer[ ] or negotiate[ ] terms of a residential mortgage loan for compensation or gain.'  See id. § 5102(4)(A).  Congress designed the SAFE Act so that mortgage loan originators 'would, to the greatest extent possible, be required to act in the best interests of the consumer.'  Id. § 5101(8)."  Neighborhood Assistance Corp. of Am. v. Consumer Fin. Prot. Bureau, 907 F. Supp. 2d 112, 116-17 (D.D.C. 2012).

private right of action should be implied under a statute is whether Congress intended that the statute's provisions be enforced through private litigation.").[10]

### 4. Declaratory Judgment Act, 28 U.S.C. § 2201

Murphy's claim for declaratory relief, 28 U.S.C. § 2201, fails because a court can grant declaratory relief only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Indeed, "[t]he DJA . . . does not confer jurisdiction" and requires an "independent jurisdictional basis." Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp., 642 F.3d 849, 853-54 (9th Cir. 2011). "The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." Snodgrass v. Provident Life & Acc. Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998). Here, no independent basis for federal jurisdiction exists.

## IV. CONCLUSION

Because the court does not have jurisdiction under 28 U.S.C. § 1331 or § 1332, the court cannot exercise supplemental jurisdiction over Murphy's state-law claims, and the action must be dismissed for lack of subject matter jurisdiction. See Hoeck v. City of Portland, 57 F.3d 781, 785 (9th Cir. 1995) ("District courts have discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact.") (citing 28 U.S.C. § 1367(a)); Gibson v. Chrysler Corp., 261 F.3d 927, 935 (9th Cir. 2001) ("If there is no original jurisdiction, there can be no supplemental jurisdiction either, for there is no jurisdiction to which supplemental jurisdiction can attach.") (internal quotation marks omitted).

Accordingly, this action is DISMISSED for lack of subject matter jurisdiction. All pending motions and deadlines are DENIED AS MOOT. Murphy may re-file her claims in state court. The Clerk shall terminate this action.

The court notes that if Murphy files another complaint in this court based on the same

---

[10] No court has addressed the question of whether the Secure and Fair Enforcement of Mortgage Licensing Act can be enforced through private litigation.

1  allegations contained in each of the complaints discussed in this order, the court may designate her
2  as a vexatious litigant.  See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir.
3  2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power
4  to enter pre-filing orders against vexatious litigants.").[11]  This is because the court has already
5  determined three times that it lacks jurisdiction over Murphy's foreclosure-related claims, yet
6  Murphy continues to file pleadings and motions that are duplicative of the ones the court already
7  has addressed and rejected.  Additionally, Murphy's conduct appears potentially to be motivated
8  by a desire to delay the resolution of the underlying foreclosure.

**IT IS SO ORDERED.**

Dated:  August 25, 2014

JON S. TIGAR
United States District Judge

---

[11] In the Ninth Circuit, a pre-filing review order is appropriate if (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to closely fit the specific vice encountered."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (2007) (citation omitted).